IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CARMEN GARCIA, | § § § | |
| Plaintiff, | § § | Civil Action No. 5:20-cv-318 |
| v. | § § § | |
| MIDFIRST BANK, | § § | |
| Defendant. | § § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a), Defendant MidFirst Bank ("MidFirst" or "Defendant") files this Notice of Removal of this action from the 288th Judicial District Court of Bexar County, Texas (the "Notice"), and respectfully shows as follows:

### INTRODUCTION

1. On February 28, 2020, Plaintiff Carmen Garcia ("Plaintiff") filed her *Plaintiff's Original Petition* (the "Petition") bearing Cause No. 2020CI04193 in the 288th Judicial District Court of Bexar County, Texas, and styled *Carmen Garcia v. MidFirst Bank* (the "State Court Action"). A true and correct copy of the Docket Sheet from the State Court Action is attached hereto as Exhibit A. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served in the State Court Action, are attached hereto within the contents of Exhibit B.

2. The allegations in the Petition relate to a deed of trust and foreclosure proceedings on the real property and improvements located at 7111 Elusive Pass, San Antonio, Texas 78233, more particularly described as:

>LOT 44, BLOCK 15, NEW CITY BLOCK 16587, RAINTREE SUBDIVISION, UNIT 10, IN THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT OF RECORD IN VOLUME 9551, PAGES 40-42, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS

(the "Property"). Plaintiff brings forth the following claims against Defendant: (1) common law fraud; and (2) equitable relief. (*See* Petition at pg. 3). For these alleged wrongs, Plaintiff seeks actual damages, a temporary injunction preventing Defendant from foreclosing on the Property, interest, and costs. (*Id.* at pg. 4, prayer).

3.      This Notice of Removal is timely because thirty (30) days have not expired since Defendant appeared herein, making removal proper in accordance with 28 U.S.C. § 1446(b). Further, there has been no formal service of process upon Defendant.

4.      This action is removable to federal court pursuant to 28 U.S.C. § 1441 because it could have been filed originally in this Court pursuant to diversity jurisdiction conferred by 28 U.S.C. § 1332.

## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

5.      Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b) because the parties are diverse and the amount in controversy is well in excess of $75,000.00 exclusive of interest, costs, and attorneys' fees.

**A.      There is complete diversity.**

6.      Plaintiff is an individual and citizen of the state of Texas (*See* Petition at pg. 1).

7.      MidFirst Bank is a federally charted savings association with its principal place of business located in Oklahoma City, Oklahoma. A national banking association is considered a citizen of the state in which it is located, as determined by the state of its main office in the articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006) (citing 28

U.S.C. § 1348). Defendant has its main offices in Oklahoma so it is a citizen of Oklahoma for diversity purposes.

8. Because Plaintiff and Defendant do not share a state citizenship, there is diversity of citizenship.

**B.     The amount in controversy exceeds $75,000.00.**

9. When declaratory or injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc*. 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, "the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *see also Lamarr v. Chase Home Finance, LLC*, 2008 WL 4057301 (N.D. Miss. 2008) (finding amount in controversy requirement was satisfied where plaintiff sought to set aside foreclosure sale and home appraised for $83,000.00, plus unspecified amount of monetary damages); *Bank of America National Trust and Sav. Assoc. v. Reeves*, 1995 WL 96617, *1 (E.D. La. 1995) (court held that the amount in controversy was met in action seeking to enjoin foreclosure on property because the suit "puts at issue the entire value of the property on which they attempt to enjoin defendants from foreclosing.").

10. "Reasonable bases for valuing properties include 'purchase price, market value, or outstanding principal and interest.'" *McPherson v. Bank of Am., N.A.*, No. H-16-3498, 2016 U.S. Dist. LEXIS 180115, at *6 (S.D. Tex. Dec. 30, 2016) (citations omitted).

11. Plaintiff seeks to prevent the foreclosure of the Property. (*See* Petition at pg. 3). Therefore, through her request for a declaratory judgment, she has put an amount in controversy equal to the value of the Property. The Bexar County Central Appraisal District's most recent

valuation of the Property shows a total assessed value of the Property at $176,740.00. (*See* Exhibits C, C-1). For this reason alone, the amount in controversy exceeds $75,000.00.

## VENUE

12. Venue for removal is proper in this district and division, the United States District Court for the Western District of Texas, San Antonio Division, under 28 U.S.C. § 1441(a) because this district and division embrace the 288th Judicial District Court of Bexar County, Texas, the forum in which the removed action was pending.

## NOTICE

13. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice is being filed with the Clerk of Court for the 288th Judicial District Court of Bexar County, Texas.

14. The contents of Exhibit B constitute the entire file of Cause No. 2020CI04193 in the 288th Judicial District Court of Bexar County, Texas.

## CONCLUSION

For the reasons described above, Defendant respectfully requests that this Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: (214) 635-2650

*Attorneys for Defendant*

## List of all Counsel of Record

For Plaintiff:

Ramon S. Rodriguez, Jr.
Texas Bar No. 17148360
Rodriguez & Garza, P.L.L.C.
247 W. Olmos Drive, Suite 200
San Antonio, Texas 78212
(210) 281-0248 Telephone
(210) 549-2556 Facsimile
rsrjr04@hotmail.com

For Defendant:

Mark D. Cronenwett
Texas Bar No. 00787303
Mackie Wolf Zientz & Mann, P. C.
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
(214) 635-2650 Telephone
(214) 635-2686 Facsimile
mcronenwett@mwzmlaw.com

## INDEX OF DOCUMENTS ATTACHED

Exhibit A   Docket Sheet for Cause No. 2020CI04193 in the 288th Judicial District Court of Bexar County, Texas;

Exhibit B   Pleadings in Cause No. 2020CI04193 in the 288th Judicial District Court of Bexar County, Texas;

    B-1   Original Petition, February 28, 2020;

    B-2   TRO, March 2, 2020;

    B-3   Certificate of Cash Deposit;

Exhibit C   Declaration of Mark D. Cronenwett; and

    C-1   Data Sheet from the Bexar County, Texas Appraisal District web-site on March 5, 2020.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on March 13, 2020 as stated below on the following:

<u>Via regular mail</u>:
Ramon S. Rodriguez, Jr.
rsrjr04@hotmail.com
Rodriguez & Garza, P.L.L.C.
247 W. Olmos Drive, Suite 200
San Antonio, Texas 78212
*Counsel for Plaintiff*

                                */s/ Mark D. Cronenwett*
                              **MARK D. CRONENWETT**